UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Tampa Division

Ray Haas, as Personal Representative of
the Estate of Richard Tiner, deceased,

                                               CASE NO.:

      Plaintiff(s),

vs.

Metropolitan General Insurance Company,

      Defendant(s).

_____/

## **COMPLAINT**

      Plaintiff sues Defendant and alleges:

1)     This Court has subject-matter jurisdiction pursuant to 29 U.S.C. §1332 because the amount in controversy exceeds $75,000, and there is complete diversity of citizenship between Plaintiff, who is a citizen of Florida, and Defendant, who is a citizen of Rhode Island, having been incorporated under the laws of Rhode Island and having its principal place of business in Rhode Island.

2)     This Court has personal jurisdiction because Metropolitan General Insurance Company operates, conducts, engages in, or carries on a business or business venture in Florida or has an office or agency in Florida.

3)     This Court is the proper venue because a substantial part of the events, acts or omissions giving rise to this action occurred within Hillsborough County, FL.

4)      Plaintiff is a judgment creditor of the insured under a liability insurance policy from Defendant covering its insureds' liability to the judgment creditor as described in the "insurance policy" attached as Exhibit 1.  Plaintiff, as intended third-party beneficiary, has the right to bring the insured's cause of action against the Defendant.

5)      On December 20, 2016, Judgment debtors, William Harris and Nancy Harris ("insureds") were insured under the insurance policy that a) limited Defendant's liability to the Estate of Richard Tiner for the automobile collision to the policy limit of $10,000 and b) gave Defendant exclusive control over settlement of the Tiner liability claim ("the liability claim").

6)      Between December 20, 2016, and October 2017, Defendant knew or should have known the liability claim exposure exceeded the available policy limit, but Defendant failed to settle within the available policy limit resulting in entry of Final Judgment against Defendant's insureds in excess of their policy limit.

7)      Defendant owed a fiduciary duty of good faith to act in its insured's best interests by protecting its insureds from judgments in excess of the insureds' policy limits.  Defendant's duty of good faith required that Defendant: 1) settle the liability claim when, under all of the circumstances, it could have and should have done so, had it acted fairly and honestly toward its insureds and with due regard for its insured's interests, 2) use the same degree of care and diligence that a person of

ordinary care and prudence should exercise in the management of his own business, 3) advise its insureds of settlement opportunities, 4) advise its insureds as to the probable outcome of the litigation, 5) warn its insureds of the possibility of an excess judgment, 6) advise its insureds of any steps they might take to avoid an excess judgment, 7) investigate the facts, 8) give fair consideration to a reasonable settlement under the facts, 9) settle, if possible where a reasonably prudent person, faced with the prospect of paying the total recovery would have settled, and 10) affirmatively initiate settlement negotiations where liability was clear and injuries so serious that a judgment in excess of the policy limits was likely.

8)    Defendant breached its fiduciary duty of good faith by not protecting its insureds from judgments in exesss of the insureds' policy limits.  Defendant breached its duty of good faith when it failed to: 1) settle the liability claim when, under all the circumstances, it could have and should have done so, had it acted fairly and honestly toward its insureds, and with due regard for their interests, 2) use the same degree of care and diligence that a person of ordinary care and prudence should exercise in the management of his own business, 3) advise its insureds of settlement opportunites, 4) advise its insureds as to the probable outcome of litigation, 5) warn its insureds of the possibility of an excess judgment, 6) advise its insureds of any steps they might take to avoid an excess judgment, 7) investigate the facts, 8) give fair consideration to a reasonable settlement under the facts, 9) settle, if possible,

where a reasonably prudent person, faced with the prospect of paying the total recovery would have settled, and 10) affirmatively initiate settlement negotiations where liability was clear and injuries so serious that a judgment in excess of the policy limits was likely.  As a result, final judgment was entered against Defendant's insureds in favor of Plaintiff.

9)      Had Defendant settled for the policy limit in good faith, Defendant's insureds would owe the judgment creditor nothing for the liability claim.

10)    As a result of Defendant's breach, Defendant's insured owes the judgment creditor the amount of the Final Judgment(s) attached as Exhibit 2.

Wherefore, Plaintiff demands a trial by jury and entry of Final Judgment against Defendant for the unsatisfied amount of the attached Final Judgment(s), the costs of this action, and attorney's fees that may become awardable.

Dated: <u>December 1, 2023</u>

*/s/**Brandon Cathey***
Brandon Cathey
Fla. Bar No. 941891
Stephanie Miles
Fla. Bar No. 15516
CATHEY & MILES, P.A.
76 4th Street N #2005
St. Petersburg, FL 33731
(727) 308-2222
Lit@CatheyMiles.com
Counsel for Plaintiff